UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAKA R. POWELL,

        Plaintiff,        CIVIL CASE NO: 13-13322
                                        CRIMINAL CASE NO: 08-20384-2
                                        HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE DOC. # 194

Chaka R. Powell filed a habeas petition under 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. On January 30, 2012, Powell -- aided by counsel -- pleaded guilty to 11 counts of wire fraud. Powell was sentenced to 27 months imprisonment on June 13, 2012. He did not appeal his sentence, but now challenges its imposition collaterally.

The Government responded saying that Powell's claim is procedurally default.

Under § 2255, a prisoner in custody under sentence of a federal court may move the court to vacate, correct, or set aside the sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner bears the burden to show he is entitled to relief. *Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977).

1

Generally, "sentencing challenges must be made on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001); see also *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process."). There are exceptions.

To obtain collateral relief based on a trial court's error at sentencing, under § 2255, where no contemporaneous objection was made and the issue was not raised on direct appeal, Powell must show: (1)(a) "cause" to excuse his double procedural default, and (1)(b) "actual prejudice" resulting from the errors or (2) actual innocence. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

Powell has shown neither. Instead, Powell argues that his *sentence* was erroneously enhanced under the "sophisticated means" and "role as leader, manager or supervisor" doctrines in violation of the Federal Sentencing Guidelines; he does not seek to set aside his plea. Powell requested an extension to reply to the Government's argument that he failed to show cause and prejudice; it was granted. Four months has passed and no reply has been filed. Nothing in the record warrants excusing Powell's default.

Accordingly, Powell's petition is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 25, 2014

2

The undersigned certifies that a copy of this document was served on the attorneys of record and Chaka Powell by electronic means or U.S. Mail on April 25, 2014.

s/Linda Vertriest
Deputy Clerk